IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPH PURVEY                                       \*
                Petitioner,
v.                                                   \*   CIVIL ACTION NO. JKB-16-2849

MEDICAL SERVICES DIVISION           \*
  BALTIMORE CITY CIRCUIT COURT
                Respondents.

\*\*\*\*\*\*

MEMORANDUM

On August 10, 2016, this court received for filing the above captioned case, filed on a 28 U.S.C. § 2241 petition for writ of habeas corpus form, from Joseph Purvey, who lists a post office box address in Baltimore City. The self-represented petition is difficult to decipher. Purvey references a "fraud" committed upon him and a case involving his "estrangement from his daughter that has been forced by fraud." ECF No. 1, p. 1-2. He alleges that the Circuit Court of Baltimore City, its officers, clerks, and staff have engaged in fraudulent misconduct to cover their conspiracy to abduct his daughter. He seemingly disputes the custody decisions made in his state court case and asks that he be given custody of his daughter. *Id*., p. 8. Purvey's petition is accompanied by a motion for leave to proceed in forma pauperis. ECF No. 2. The indigency request shall be granted. The petition shall, however, be dismissed.[1]

---

[1] Subsequent to the filing of his petition, Purvey filed two letters, construed as complaints. They provide no factual background to his original claims, but reference contractual, property, and visitation disputes between himself and others. ECF Nos. 4 & 5.

II.     Analysis

Because Purvey is proceeding as a self-represented litigant, the court must liberally construe his allegations. *See e.g., Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Purvey's petition raises no direct challenge to a state conviction or sentence. Rather, he seemingly disputes judicial decisions rendered in a state custody proceeding. Such issues have traditionally been reserved to the state or municipal court systems with their expertise and professional support staff. *See Moore v. Sims*, 442 U.S. 415, 435 (1979). Under the domestic relations exception to federal jurisdiction, federal courts generally abstain from review of such cases. *See Ankenbrandt v. Richards*, 504 U.S. 689, 701-05 (1992). It may be appropriate for the federal courts to decline to hear a case involving elements of the domestic relationship, even when divorce, alimony, or child custody is not strictly at issue:

> "This would be so when a case presents difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar. Such might well be the case if a federal suit were filed prior to effectuation of a divorce, alimony, or child custody decree, and the suit depended on a determination of the status of the parties."

*Id*. at 705-06 (quoting *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 814 (1976)).

This conclusion is supported by sound policy considerations. Issuance of decrees of this type not infrequently involves retention of jurisdiction by the state court and deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are eminently more suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over child custody and support decrees. Moreover, as a matter of judicial

expertise, it makes far more sense to retain the rule that federal courts lack power over these cases because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees.

Pursuant to 28 U.S.C. § 1915,[2] the courts are required to screen a plaintiff's complaint when in forma pauperis status has been granted.  The statute permits district courts to independently assess the merits of in forma pauperis complaints, and "to exclude suits that have no arguable basis in law or fact." *See Nasim v. Warden*, 64 F.3d 951, 954 (4th Cir. 1995); *see also Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative).  This screening authority differentiates *in forma pauperis* suits from ordinary civil suits.  *Nasim*, 64 F.3d at 953-954; *see also Eriline Co. S.A. v. Johnson,* 440 F.3d 648, 656 (4th Cir. 2006).  Pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints.  *See Fogle v. Blake*, 227 F. App'x 542, *1 (8th Cir. July 10, 2007) (affirming district court's pre-service dismissal of non-prisoner's § 1983 complaint pursuant to 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screen of non-prisoner complaint); *Evans v. Albaugh*, 2013 WL 5375781 (N.D. W. Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed in forma pauperis).

---

[2]   The statute provides in pertinent part:

>   Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

For reasons set out herein, the petition, construed as a civil rights action, shall be dismissed.[3]  A separate Order follows reflecting this opinion.

Date:  September 6, 2016                              /s/
                                                    James K. Bredar
                                                    United States District Judge

---

[3]  In addition, Purvey has filed a motion for extension of time to "organize and appropriately group the large quantity of public officials that have violated [his] rights."  ECF No. 3.  In light of the decision entered by the court, the motion shall be denied as moot.